*George W. Duvall, for appellant.   James R. Hulett, for appellees.*

---

V. HALL *v.* LEBANON & MAYSVILLE TURNPIKE CO.

**Damages—Defective Bridge—Negligence.**

Where defendant's bridge was out of repair and by reason thereof an animal fell through it and such animal in falling frightened plaintiff's horse but did not come in contact with it, plaintiff cannot recover from the owner of the bridge for injury received to himself or horse, as the injury to plaintiff and his property was not the natural consequences of negligence of allowing the bridge to become out of repair.

APPEAL FROM MARION CIRCUIT COURT.

June 21, 1875.

Opinion by Judge Lindsay:

The destruction of the wagon which appellant was driving, and the personal injuries he sustained, were neither the natural nor proximate result of the defect in appellee's bridge.

The natural and proximate result of that defect was the injury and fright of the animal that fell through the bridge; and possibly, if that animal, in endeavoring to escape from danger, or whilst under the influence of the fright produced by the defect in said bridge, had come in contact with the wagon or with appellant, the injuries thereby inflicted might not have been considered too remote to constitute a cause of action. But here the injuries were the result of the fright of the animal that was being driven by appellant, which fright he says was superinduced by the action of the animal that fell through the bridge. The injuries complained of may be said to be the consequences of appellee's neglect; but they certainly were not the natural consequences thereof. They arose directly from the extraneous cause, the fright and conduct of the animal being driven, and not from the alarm and action of the one falling through the bridge. To sustain appellant's cause of action, it would be necessary to apply the rule insisted on by Patch, in his case against the city of Covington. *Patch v. City of Covington,* 17 B. Mon. 722. That rule is, "That whenever injury occurs, directly or consequently, from the wilful neglect of corporate duty, an action is clearly maintainable by a party especially injured, irrespective of the events or parties that intervene." Said rule was condemned by this court in that case, and we see no reason why it should be applied in this case.

The conclusion thus reached avoids the necessity of inquiring into the action of the circuit court, in compelling appellant to elect as to which of the original defendants he would proceed against.

The demurrer was properly sustained and the petition properly dismissed.

Judgment *affirmed.*

*Russell & Averitt, for appellant.    Harrison & Knott, for appellee.*